MARGARET SHANAHAN, as Administratrix of the Estate of MICHAEL SHANAHAN, Deceased, Respondent, *v.* MONARCH ENGINEERING COMPANY, Appellant.

Workmen's Compensation Law — rights and remedies therein provided are exclusive of all others — compensation for death of workman caused by injury — such compensation limited to persons enumerated in statute — adult brothers and sisters not entitled to award under the statute cannot maintain an action under sections 1902–1905 of the Code of Civil Procedure.

1. The Constitution of the state (Art. 1, § 19) permits the legislature to fix the right to compensation to be paid by an employer for death resulting to an employee from injuries received in the course of his employment and to provide that "the right to such compensation, and the remedy therefor *shall be exclusive of all other rights and remedies.*" It authorizes the legislature to adopt an employers' compensation system and to define who should be entitled to relief for damages without any state constitutional limitation whatever.

2. The Workmen's Compensation Law (L., 1914, ch. 41, § 11) in the classes of employment therein enumerated, when an employer complies with its requirements, provides a right of compensation for death and a remedy therefor which is exclusive of any other or all other rights or remedies, even though it happens in a particular case that the decedent has left no widow or next of kin who are entitled to benefits under the act, but has left next of kin not entitled to such benefits. It takes from the workman or his representatives the old right of action where the accident was due to the fault of the employer and imposes liability where the employer is free from negligence.

3. The statute provides, section 16, that "If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following," among whom under certain conditions are "brothers and sisters under the age of eighteen years if dependent upon the deceased at the time of the accident." As the remedy provided is exclusive, an administratrix representing only adult brothers and sisters of an intestate, who left no widow or next of kin entitled to compensation under the statute, cannot maintain an action under sections 1902–1905 of the Code of Civil Procedure to recover damages claimed to have been sustained as the result of intestate's death; hence, an answer interposing the provisions of the Workmen's Compensation Law as a bar to such action is sufficient and a demurrer thereto cannot be sustained.

*Shanahan* v. *Monarch Engineering Co.*, 172 App. Div. 221, reversed.

(Argued October 2, 1916; decided December 28, 1916.)

APEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 19, 1916, which affirmed an interlocutory judgment entered upon an order of Special Term sustaining a demurrer to the answer.

The following question was certified: "Should the demurrer to the second defense in the answer be sustained ?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*George P. Keating* for appellant.   The trial court erred in granting judgment sustaining the demurrer, which in effect declares unconstitutional section 11 of the Compensation Law and limits its clear application. (N. Y. Const. art. 1, § 18; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Matter of Rhinewald* v. *Builders' B. & S. Co.*, 168 App. Div. 425; *Matter of Post* v. *Burger*, 216 N. Y. 544; *Connors* v. *Semet-Solvay Co.*, 94 Misc. Rep. 405; *Shinnick* v. *Clover Farms Co.*, 169

App. Div. 236; *N. P. Ry. Co.* v. *Meese,* 239 U. S. 614.) There is no constitutional protection for a particular class or next of kin, nor is there any limitation restraining the legislature from defining who shall be included as next of kin, or changing the class who at any time are enumerated as next of kin. (*Matter of Moore,* 97 Hun, 164.) The court below erred in holding that brothers and sisters had a cause of action against the defendant secured to them by statute, or the former sections of the Constitution which now remained to them since the enactment of tne Compensation Law. (*Kelliher* v. *N. Y. C. & H. R. R. R. Co.,* 212 N. Y. 207.)

*W. J. Wetherbee* and *Hamilton Ward* for respondent. The legislature, in passing the Compensation Law, did not take away the right of action for death, except in certain cases where another right and remedy is provided. (*King* v. *Viscoloid,* 106 N. E. Rep. 988; *Shinnick* v. *C. F. Co.,* 169 App. Div. 236.) The legislature, by the enactment of the Compensation Law, did not change the law as to next of kin. (*Matter of Brennan,* 160 App. Div. 401; *Meng* v. *E. I. Sav. Bank,* 169 App. Div. 27; *Matter of Taylor,* 144 App. Div. 634.)

Pound, J.  A demurrer to one of the defenses in this action as insufficient has been sustained. The pleadings upon which this decision has been based disclose the following facts:

This action is brought under the provisions of sections 1902–1908 of the Code of Civil Procedure to recover damages for the benefit of the next of kin of Shanahan, claimed to have been caused by his death while in the employ of the defendant, resulting from the negligence of the latter. Shanahan at the time of his death was engaged in a class of work to which the Workmen's Compensation Law applied and would have provided compensation for a widow or certain designated next of kin if

he had left them, and the defendant as employer had complied with the requirements of the statute. Shanahan, however, left no widow or next of kin meeting the description of those entitled to compensation under the act, his next of kin in whose behalf this action is brought being adult brothers and sisters who are not entitled to compensation under the act. The answer which has been held insufficient set up the Compensation Law as a bar to this action, and thereby the question has been presented which we are called on to determine — whether the Workmen's Compensation Law in the classes of employment therein enumerated, when an employer complies with its requirements, provides a right of compensation for death and a remedy therefor which are exclusive of all other rights or remedies, even though it happens in a particular case that the decedent has left no widow or next of kin who are entitled to benefits under the act, but has left next of kin not entitled to such benefits.

The statutory provisions which for many years before the enactment of the Workmen's Compensation Law permitted the present form of action to be maintained against an employer to recover damages on behalf of the next of kin of an employee who had met his death as the result of his employer's negligence, were deemed so important that the right of action was in 1894 protected by a constitutional provision. Section 18 of article I of the State Constitution provided: "The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation." At the time this amendment was adopted our statutes defined next of kin in whose behalf such action might be maintained and included adult brothers and sisters. (Code Civ. Pro. § 1903.)

In defense of the present Compensation Law against any charge of unconstitutional interference with the rights thus secured, it is urged that while this consti-

tutional provision prohibited the abrogation of a " cause of action " arising from the negligent killing of an employee, the legislature was not thereby inhibited from changing the classes of persons in whose behalf as next of kin such cause of action might be enforced, and that, therefore, the Compensation Law may be regarded as merely changing the definition of next of kin who are entitled to relief in case of death by dropping therefrom adult brothers and sisters. Amendments in respect of the persons who should be entitled to damages which might be collected under the statute which have thus far been unchallenged in the courts are referred to as sustaining this view, and they do perhaps furnish support for it. Thus Laws of 1913, chapter 756, provides that the term " next of kin " shall mean *both* the father and the mother in certain cases, and Laws of 1911, chapter 122, excluded the next of kin, *e. g.*, the father, in favor of the wife or husband in certain cases. In the view which I take of the later constitutional amendment and of the provisions of the Compensation Law adopted in pursuance thereof, it will not be necessary to decide this proposition.

In 1910 the first Workmen's Compensation Law was passed (L. 1910, ch. 674). It was held to be unconstitutional because it imposed liability without fault and thus took property without due process of law. (*Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271.) Thereafter in 1913 the amendment to the Constitution was made (Art. 1, section 19), which gave to the legislature plenary power to enact workmen's compensation laws. So far as material it reads as follows: " *Nothing contained in this Constitution* shall be construed to limit the power of the legislature to enact laws for the protection of the lives, health, or safety of employees; or for the payment, either by employers, or by employers and employees or otherwise, either directly or through a state or other system of insurance or otherwise, of compensation for injuries to employees or for death of employees resulting from such injuries without regard to

fault as a cause thereof, * * * *or to provide that the right of such compensation, and the remedy therefor shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries ; or to provide that the amount of such compensation for death shall not exceed a fixed or determinable sum;* provided that all moneys paid by an employer to his employees or their legal representatives, by reason of the enactment of any of the laws herein authorized, shall be held to be a proper charge in the cost of operating the business of the employer." Thereafter the present Workmen's Compensation Law was passed (L. 1914, ch. 41).

At the times involved in this action section 10 of the law read in part: "Liability for compensation. Every employer subject to the provisions of this chapter shall pay or provide as required by this chapter compensation according to the schedules of this article for the disability or death of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about the injury or death of himself or of another, or where the injury results solely from the intoxication of the injured employee while on duty."

Section 11 provided: "Alternative remedy. *The liability prescribed by the last preceding section shall be exclusive,* except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter, an injured employee, or his legal representative in case death results from the injury, may, at his option, elect to claim compensation under this chapter, or to maintain an action in the courts for damages on account of such injury. * * *"

Section 16, under the title "Death benefits," provided that in cases where the injury caused death, the com-

pensation should be known as a death benefit and should be payable, first in satisfaction of reasonable funeral expenses not exceeding one hundred dollars and thereafter in the amounts and to the persons therein named, including, under the conditions and with the rights of priority fixed by the section, a surviving wife, or a dependent husband and children under the age of eighteen years, until they shall reach the age of eighteen years; dependent parents and grandparents.

Subdivision 4 specially provided that "If the amount payable to surviving wife (or dependent husband) and to children under the age of eighteen years shall be less in the aggregate than sixty-six and two-thirds per centum of the average wages of the deceased, then for the support of grandchildren or brothers and sisters under the age of eighteen years, if dependent upon the deceased at the time of the accident, fifteen per centum of such wages for the support of each such person until of the age of eighteen years; and for the support of each parent, or grandparent, of the deceased if dependent upon him at the time of the accident, fifteen per centum of such wages during such dependency. But in no case shall the aggregate amount payable under this subdivision exceed the difference between sixty-six and two-thirds per centum of such wages, and the amount payable as hereinbefore provided to surviving wife (or dependent husband) or for the support of surviving child or children."

The constitutional amendment added in 1913 overrides all else in the State Constitution. " Nothing contained in this Constitution shall be construed to *limit· the power of the legislature to enact* " (employees' compensation laws) is the comprehensive language used and this excludes the limitations of section 18 of article I relative to damages for injuries causing death as well as the limitations of section 6 of article I relative to taking property without due process of law. It permits the legislature to fix the right to compensation to be paid by an employer

for death resulting to an employee from injuries received in the course of his employment and to provide that "the right of such compensation, and the remedy therefor *shall be exclusive of all other rights and remedies* \* \* \* for death." It authorizes the legislature to, adopt an employee's compensation system and to define who should be entitled to relief for damages without any state constitutional limitation whatever.

The statute which was adopted in pursuance of this constitutional amendment clearly provides that the liability provided *shall* be exclusive of all other rights and remedies except as in section 11, *supra*.

We have the provision that "Every employer subject to the provisions of this chapter shall pay or provide \* \* \* compensation according to the schedules of this article for the disability or death of his employees \* \* \*." (Section 10.) The schedules so referred to said: "If the injury causes death, the compensation shall be known as a death benefit and shall be payable" (Section 16) in the amount and to the persons fixed. Thus we have the fundamental provision of liability for the payment of a certain amount in a case of death which is to be *the* compensation therefor and to be distributed amongst the persons designated. A certain liability is imposed for death, and that liability exclusive. No other responsibility is left which springs from the occurrence upon which liability rests — death — and the effect of the compensation as a satisfaction of all other claims is in no way limited or impaired by the circumstances of the identity of the persons to whom it is paid or because in a given case no one survives to take advantage of the statute. The exception to the rule of compensation as an exclusive remedy emphasizes the meaning and force of the rule. If an employer fails to secure the payment of the compensation to his employees and their dependents as required by the statute, "an injured employee, or his legal representatives in case death results \* \* \* may \* \* \* main-

tain an action in the courts for damages." That is, if the employer fails to comply with the statute, he is subjected to such an action as the present one as a penalty.

This legislation may or may not be condemned as ill-considered or unjust in its bearing upon the present next of kin. Brothers and sisters as a class and as proper next of kin to be considered under the Compensation Law were not overlooked. They are provided for under certain conditions in case they are under eighteen years of age and dependents. (Section 16.) The same condition in respect to age is observed in the case of children, those under the age of eighteen years being entitled to the benefits of the act, those over that age not being entitled thereto. And again, if it be said that the law is defective in not going farther and insuring that in a given case the liability of the employer shall not be allowed to lapse because none of the designated beneficiaries survive, although there are living next of kin, the answer may be made in behalf of the legislature that in the exercise of legislative judgment it extended the benefit of the act as far as seemed necessary to accomplish its purpose of providing compensation for those who had a right to rely upon the support of the deceased employee.

The conclusions which we draw from an examination of the language of the constitutional amendment and of the statute become irresistible when we consider the conditions and purposes which led to their adoption and enactment. While the right to maintain negligence actions to recover damages for the injury and death of employees was regarded of great importance and in death cases protected by the Constitution this method of remedy had generally become economically unsatisfactory. It resulted, it was widely believed, in injustice both to the employer who was sometimes the victim of unjust or excessive claims and to the employee who had to bear the necessary risks of the business and who was often delayed in the enforcement of a just claim and burdened with the

expenses of a protracted litigation.  The danger was ever present that an employee or his family might become dependent upon public support because no relief could be given for injuries to employees or for death resulting from such injuries.  This old and unsatisfactory system of negligence law was the evil to which the legislature addressed itself when it enacted the Compensation Act of 1910, which was declared invalid because of constitutional objections.  (*Ives* v. *South Buffalo Ry. Co.*, 201 N. Y. 271.)  The amendment to the Constitution was then adopted in 1913 in order to solve the question of legislative authority contrary to the decision of this court in the *Ives* case.  In accordance with such amendment the present Workmen's Compensation Law was adopted.  It has been held to. be constitutional and this court has repeatedly said it should be liberally construed in order to carry out the intent and purpose for which it was enacted. (*Matter of Jensen* v. *Southern Pac. Co.*, 215 N. Y. 514.)

Under this legislation both classes, employer and employee, gained benefits and made concessions.  The liability of the employer is no longer bounded and limited by the rules of negligence but is imposed upon him when he is without fault as well as when he is guilty of negligence.  The employee and his dependents receive compensation which may be smaller than would have been the amount of a judgment in a negligence action, but on the other hand they are compensated for injuries resulting from risks heretofore assumed by them, the relief is summary, the practice simple, and they are not hampered or defeated by rules of negligence law or by technical defenses and procedure.  It is not to be assumed that the legislature intended to provide rights and remedies for some of the dependent relatives and to leave the old form of remedy in force as to the others.  A new system was substituted in its entirety for an outgrown and objectionable one.

If it were necessary to reinforce this course of reasoning

by a statement of some of the incongruities which would follow if the other view urged upon us should be adopted, the very relation of brother and sister which is here involved presents an illustration. In a death case where the decedent has left no wife or nearer relatives than brothers and sisters, the statute provides for the payment of benefits to the latter if they are under eighteen and dependent. If a decedent left one brother under and another one over eighteen years of age, under the theory which has been adopted by the courts below the Compensation Law would be binding upon the former and exclusive of any other remedy, whereas the latter would be entitled to bring an action to recover damages. The same condition would arise in the case of children under and over eighteen years of age. These illustrations furnish a practical argument in favor of the view that the new legislation covers the entire field of remedy for death cases.

In *King* v. *Viscoloid Co.* (219 Mass. 420) the court said that it was the intention of the legislature to take away from employees who should become subject to its provisions all other remedies that they had against their employers for injuries happening in the course of their employment and arising therefrom, but held that the other and different common-law right of action existing in favor of a parent to recover damages for loss of services occasioned by an injury to a minor son was not affected by the provisions of the Compensation Act, concluding, however, that if the legislature had chosen not to leave the parent's right of action unaffected it might have taken it away altogether. In New York the right of next of kin not covered by the act is taken away altogether.

The cases of *Gregutis* v. *Waclark Wire Works* (86 N. J. Law, 610) and *Peet* v. *Mills* (76 Wash. 437) support the views which we have adopted in this case.

In the New Jersey case it was held that where a

deceased employee by his agreement either express or implied had accepted and become bound by the provisions of the Workmen's Compensation Act such agreement would be a surrender of the right to any other method, form or amount of compensation and would in the terms of the act "bind the employee himself and for compensation for his death would (shall) bind his personal representatives, his widow and next of kin," and that the personal representatives of the employee could not maintain an action under the death act for damages for his death even though the only dependents deceased left him surviving were aliens and not residents of the United States who were not entitled to compensation under the act. We do not regard the applicability of that decision as dependent upon the fact that the employee did or did not sign an agreement, for we think that the provisions of our Compensation Law applied to and entered into the contract of employment of the present decedent, certainly in the absence of something indicating the contrary. (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544.)

In the Washington case it was held that all rights of civil action for workmen's injuries, *even against third persons,* were abolished by their compensation act.

The New York act of 1914 takes away from the workman his old right of action where the accident is due to the fault of the employer and denies compensation to certain classes of next of kin in death cases. Under the English act, in cases where the workman would previously have had a right of action, he has the option of resorting thereto or to proceedings under the act. (*Cribb* v. *Kynoch, Limited,* [1908] 2 K. B. 551.) Here again is presented a question of legislative policy with which the courts have not to do.

"Any plan devised by the wit of man may in exceptional cases work unjustly, but the act is to be judged by its general plan and scope and the general good to be pro-

moted by it." (MILLER, J., in *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514, 528.)

The Constitution permits the legislature to provide a remedy exclusive of all other rights or remedies for death of employees resulting from injuries; the legislature has provided the exclusive remedy. If the classes of persons benefited are unnecessarily restricted in death cases the remedy is not by a strained interpretation of the Constitution by the courts but by a mere amendment to the Compensation Law by the legislature.

We think the order appealed from should be reversed, with costs in all courts, and that the question certified to us should be answered in the negative.

WILLARD BARTLETT, Ch. J. (dissenting). I dissent from the proposed reversal in this case. I think that all persons who were entitled to maintain an action for negligently or wrongfully causing death before the amendment to the Constitution authorizing the enactment of the Workmen's Compensation Law are still entitled to maintain such an action except those for whom a remedy is provided by the Workmen's Compensation Law itself. I agree with the learned Appellate Division that it was not intended by the amendment to the Constitution or by the Workmen's Compensation Law passed thereunder to take away the right of action in death cases to recover damages without providing a substitute therefor.

HISCOCK, CUDDEBACK, HOGAN and CARDOZO, JJ., concur with POUND, J.; WILLARD BARTLETT, Ch. J., reads dissenting memorandum, with whom CHASE, J., concurs.

Order reversed.