Argued April 18, affirmed September 25, 1928.

## L. W. LULL *v.* HANSEN–HAMMOND CO.

(270 Pac. 402.)

452

For appellant there was a brief and oral argument by *Mr. Roy K. Terry.*

For respondent there was a brief over the names of *Mr. I. H. Van Winkle,* Attorney General, *Mr. L. A. Liljeqvist* and *Mr. Franklin F. Korell,* with oral arguments by *Mr. Miles H. McKey,* Assistant Attorney General, and *Mr. A. A. Hampson.*

RAND, C. J.—As amended by Chapter 311, Laws 1921, Section 6614, Or. L., provides that every employer engaged in any of the hazardous occupations specified in the Workmen's Compensation Act shall be subject to the provisions of the act unless he shall have filed with the commission a written notice of his election not to be subject thereto. And Section 6615, Or. L., provides that all workmen whose employers are subject to the act shall themselves be subject to the act unless they have given to their employer a written notice of their election not to be subject thereto. And Section 6616, Or. L., provides that where both the workman and the employer are subject to the act and the workman sustains a personal injury by accident arising out of and in the course of his employment, such workman, or in case of his death his beneficiaries, shall be entitled to receive from the industrial accident fund the sum or sums specified in the act and that "the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death except as hereinafter specifically provided."

■ Under the construction which has been placed upon these statutes it is settled that when a workman has become subject to the Workmen's Compen-

sation Act he cannot recover of his employer for injuries sustained by him unless he brings himself within one of the exceptions to the act: *Jenkins* v. *Carman Mfg. Co.*, 79 Or. 448 (155 Pac. 703); *Miller* v. *Industrial Acc. Com.*, 84 Or. 507 (159 Pac. 1150, 165 Pac. 576); *Chebot* v. *State Industrial Acc. Com.*, 106 Or. 660 (212 Pac. 792). In the case last cited this court said:

"The compensation act creates an industrial accident fund for the benefit of injured workmen, and when the right of a workman to participate therein is perfected, his pre-existing right to claim damages from his negligent employer is extinguished."

■ But plaintiff contends that this case comes within the third clause contained in Section 6623, Or. L., which, until amended by Chapter 312, Laws of 1927, read as follows:

"Any workman who shall be in the employ of an employer who shall hereafter engage in any of said hazardous occupations and who shall have become subject to this act may give notice in writing to his employer within three days after his employer shall have engaged in such hazardous occupation of his election not to become subject to this act, and thereupon and thereafter such workman shall be in no wise subject to the provisions or entitled to any of the benefits hereof, but if such workman shall sustain an injury within such period of three days, and before he shall have elected not to become subject to this act, he shall have the option, to be exercised before suit is brought, of taking the benefits hereby provided, or of proceeding against his employer as if this act had not been passed."

Section 6623, Or. L., was amended by Chapter 312, Laws of 1927, which amendment was subsequent to the accident complained of. Prior to such amend-

ment that section was construed in *Elliott* v. *Standard Oil Co.*, 18 Fed. (2d) 292, and it was there held that the third clause of said section, upon which plaintiff relies, referred only to cases where a workman had first been employed to work in a nonhazardous occupation and after he had been so employed his employer subsequently engaged in a hazardous occupation, in which case the workman would have three days after his employer had engaged in such hazardous occupation to elect whether he should come under the act or remain out of it, and if injured during said three-day period and before such election, then such workman would have the further right to elect whether to take under the act or to sue his employer. With the construction thus placed upon this clause of the statute we are in thorough accord. That clause can have no effect upon the question involved here because here the complaint clearly shows that at the time of plaintiff's employment his employer was engaged in a hazardous occupation and plaintiff failed to give his employer written notice of his election not to become subject to the act. There was no change after his employment from a nonhazardous to a hazardous occupation. For that reason the case does not come within the clause of the statute upon which the plaintiff relies.

■ The case made by the complaint falls within the first clause of Section 6623, Or. L., which provides that

"On or before June 30th next following the taking effect of this act any workman in the employ of an employer subject to this act may give notice in writing to his employer of his election not to become subject to this act, and any workman entering the employment of such an employer after such date may at such time give a like notice, and thereupon such

workman shall be in nowise subject to the provisions or entitled to any of the benefits hereof.''

In the case last referred to it was held that under this provision of the statute where an employee of an employer subject to the act is employed in a hazardous occupation, such employee automatically becomes subject to the provisions of the act unless at the time of his employment he gives written notice to his employer of his election not to become subject to the act. With that construction we agree.

Under the facts alleged in the complaint the defendant was, at the time of plaintiff's employment, engaged in a hazardous occupation and plaintiff was employed in such hazardous occupation. By accepting such employment and engaging in such work, without giving written notice to his employer at the time of his employment of his election not to become subject to the act, plaintiff brought himself fairly within the first clause of Section 6623, Or. L.; and since he and his employer were both subject to the act at the time of the injury complained of, he cannot, under the terms of the statute, recover from his employer for the injuries sustained and must look to the industrial accident fund alone for such compensation as he may be entitled to.

The demurrer was therefore properly sustained and the judgment of the lower court must be affirmed.                                     AFFIRMED.

COSHOW, BELT and BEAN, JJ., concur.