This is a suit in tort brought by the sister and brother of Henry Knight, wherein they allege that their said brother, while performing his duties as an employee in defendant's sawmill, was severely injured and died as a result of being burned and scalded by steam and hot water emanating from a defective stationary engine of defendant when the piston blew through the cylinder head thereof; that the accident was caused solely by the negligence of defendant in permitting an old and worn out engine to be operated in his sawmill, and in his failure to provide a safe place in which to work. The plaintiffs allege further that the deceased left no wife or child or father or mother and no other sister or brother but themselves surviving him, and that under the provisions of Article 2315 of the Civil Code as the next of kin of the deceased they are entitled to damages for the pain and suffering endured by the deceased before his death, for the mental anguish, shock and loss of companionship suffered by plaintiffs, and for a balance due for funeral expenses. No alternative claim is made for relief under the Workmen's Compensation Act, but, on the contrary, it is alleged that plaintiffs were not dependent *Page 183 
on their deceased brother for support and that they have no claim for compensation.
The suit was met by an exception of no right and no cause of action on behalf of the defendant, which exception was sustained, resulting in the dismissal of plaintiff's suit. Plaintiffs have appealed.
The defendant contends that since the petition shows an injury and death sustained by an employee in a hazardous occupation, the rights arising therefrom and remedies therefor are controlled exclusively by the Compensation Law, unless it be shown that there was an agreement or election not to be controlled by the Compensation Law, which is not the case herein.
Plaintiffs contend that since they were not dependent upon the deceased they have no rights under the Compensation Law, but that they do have a claim as his surviving next of kin under the provisions of Article 2315 of the Civil Code, citing as authority for their contention several cases, including Boyer v. Crescent Paper Box Factory, Inc., 143 La. 368, 78 So. 596, and Clark v. Southern Kraft Corp., La.App., 200 So. 489.
In the former case, a young lady, an employee of the defendant, after working hours, while in the dressing room, was scalped by some machinery of the defendant. She instituted her suit under Article 2315, setting forth such reasons why her action did not come under the compensation statute. There was judgment in her favor and defendant appealed. On the first hearing, the Supreme Court came to the conclusion that her cause of action came under the Compensation Act rather than under Article 2315, and remanded the case for trial thereunder. On rehearing the Supreme Court reversed its former decree, and held, in the words of the Supreme Court [143 La. 368, 78 So. 600]: "The Compensation Act did not provide for compensation for the injury suffered by plaintiff,and she is not therefore entitled to compensation under that act. Her right to damages is not attempted to be excluded by the act.The rights and remedies given in the act are declared to be fora `personal injury for which he (she) is entitled to compensationunder this act.' The claim of plaintiff not being embraced withinthe terms of or governed by the Employers' Liability Act wasproperly made under article 2315, C.C." (Italics ours.) In the latter case, the plaintiff likewise instituted his suit under Article 2315, averring that his action was for an occupational disease not covered by the Compensation Act. He alleged certain negligence on behalf of the defendant which caused his hands and feet to become infected; he did not allege any accident causing the basis of his claim. The court held that since he had not alleged an injury by "accident" in the purview of the compensation statute, he had set forth a right and cause of action under our general tort law.
It is obvious that these cases are different from the case at bar, as in the instant case it is shown by the petition that the deceased did suffer an accident in the course of his employment in defendant's sawmill, a hazardous occupation under the terms of the compensation statute, and, as set forth by the trial court, Section 34 of the statute, as amended by Act 38 of 1918, which reads as follows: "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury." And the cases of Philps v. Guy Drilling Co., 143 La. 951, 79 So. 549; Colorado v. Johnson Iron Works,146 La. 68, 83 So. 381; Williams v. Blodgett Const. Co., 146 La. 841, 84 So. 115; Liner v. Riverside Gravel Co., 13 La.App. 664, 127 So. 146; Daigle v. Moody et al., La.App., 140 So. 842; Jackson v. Southern Kraft Corporation, La.App., 183 So. 135; Roy v. Mutual Rice Co., 177 La.App. 883, 149 So. 508, clearly show that under the facts set forth in the petition the rights and remedies in the case at bar are exclusively under the compensation statute.
It is true that in the case before us the employee left no dependents, but we cannot presume that because of that fact the Legislature intended to give a separate action for the injury which would give rights to nondependents. It seems clear to us that the purpose of the statute is to protect the employee and such dependents as he might have to the exclusion of all other rights, and that in case of death the extent of relief granted is in proportion to the number of dependents; and leaving no *Page 184 
dependents, there is no compensation due or other rights to be asserted.
The trial judge has written a clear exposition of the law involved; finding no error therein, the judgment is affirmed.