Argued February 29; affirmed March 21, 1944

# BIGBY *v.* PELICAN BAY LUMBER CO.

(147 P. (2d) 199)

Before BAILEY, Chief Justice, and BELT, ROSSMAN, LUSK and HAY, Associate Justices.

*Fred O. Small,* of Klamath Falls, for appellant.

*Richard B. Maxwell,* of Klamath Falls, and C. L. Marsters, Assistant Attorney General (George Neuner, Attorney General, and C. S. Emmons, Assistant Attorney General, on the brief), for respondent.

BAILEY, C. J.  This action was brought by the plaintiff, a resident of Klamath county, Oregon, to recover damages from the defendant for the death of her son, George S. Bigby, which resulted from injuries suffered by him while employed by the defendant.

The complaint is in the ordinary form customarily employed in personal injury actions.  In it the plaintiff alleges that on December 12, 1942, her son, while employed by the defendant in its sawmill in Klamath county, Oregon, was severely injured, due to the carelessness and negligence of the defendant corporation in failing to comply with the provisions of the employers' liability act of the state of Oregon in the operation of its sawmill; that as the result of such injuries he died on December 25, 1942; and that at the time of his death George S. Bigby was twenty-three years of age, was unmarried and left no children or lineal heirs surviving him.  The plaintiff asked for judgment against the defendant in the sum of $25,000.

When the complaint was filed against the defendant employer, the state industrial accident commission requested the attorney general, in pursuance of § 102-1780, O. C. L. A., to appear in the case and defend the

employer. The attorney general so did, in conjunction with the defendant's private attorney.

The defendant filed an answer in which it denied all the allegations of the complaint "except as admitted, explained or qualified" in its further and separate answer and defense. In its further answer the defendant avers that at all times therein mentioned it was "engaged in the lumbering business in Klamath Falls, Oregon, an occupation defined as hazardous under the provisions of the workmen's compensation law of Oregon"; that the defendant has at all times complied with the requirements of that law; and that at the time the accident occurred the defendant and the decedent were subject to its provisions. The defendant further alleges that after suffering injuries and prior to his death, George S. Bigby had filed with the state industrial accident commission a claim for compensation on account of such injuries; and that thereafter, on January 20, 1943, the commission made and entered "an order allowing the said George S. Bigby compensation for temporary total disability from the date of his accident to the date of his death".

To that affirmative answer the plaintiff filed a general demurrer, on the ground that the answer did not state facts sufficient to constitute a defense to the plaintiff's complaint. The demurrer was overruled by the circuit court, and upon the failure of the plaintiff to plead further, judgment was entered on the pleadings, in favor of the defendant. From this judgment the plaintiff appeals.

The question here presented is whether or not an employer who is subject to the workmen's compensation act of the state of Oregon (§§ 102-1701 to and including 102-1785, O. C. L. A.) and has fully complied

with its provisions, is relieved from all personal liability on account of the death or injury of an employee subject to the act, arising out of and in the course of the latter's employment.

Section 102-1752, O. C. L. A., provides in part as follows:

"Every workman subject to this act while employed by an employer subject to this act who, while so employed, sustains personal injury by accident arising out of and in the course of his employment and resulting in his disability, or the beneficiaries, as hereinafter defined, of such workman, in case the injury results in death, shall be entitled to receive from the industrial accident fund thereby created the sum or sums hereinafter specified and the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death, except as hereinafter specifically provided."

The word "beneficiary" is defined in § 102-1702, O. C. L. A., to mean: "an injured workman, and the husband, wife, child or dependent of a workman, who shall be entitled to receive payments under this act." By the same section, "dependent" is defined as "any of the following-named relatives of a workman whose death results from any injury and who leaves surviving no widow, widower or child under the age of 18 years, viz.: Invalid child over the age of 18 years, father, mother, grandfather, grandmother, stepfather, stepmother, grandson, granddaughter, brother, sister, half sister, half brother, niece or nephew, who at the time of the accident are dependent in whole or in part for their support upon the earnings of the workman."

The plaintiff contends that her deceased son left surviving him no beneficiary within the meaning of

the workmen's compensation act, and that consequently there was no one entitled to compensation on account of his death, out of the industrial accident fund. She asserts that because she was not dependent for her support in whole or in part upon the earnings of her son she is not a beneficiary within the meaning of the workmen's compensation law and is not precluded from maintaining this action against his employer under the employers' liability act. Her argument is that only those entitled to the compensation provided by the workmen's compensation law are precluded from making claims against the employer on account of the death or injury of a workman. She attempts to fortify her position by directing attention to the employers' liability act of this state (§§ 102-1601 to and including 102-1606, O. C. L. A.), and especially § 102-1604, O. C. L. A., which reads as follows:

"If there shall be any loss of life by reason of the neglects or failures or violations of the provisions of this act by any owner, contractor or subcontractor or any person liable under the provisions of this act, the surviving widow or husband and children and adopted children of the person so killed and, if none, then his or her lineal heirs and, if none, then the mother or father, as the case may be, shall have a right of action without any limit as to the amount of damages which may be awarded; provided, that if none of the persons entitled to maintain such action reside within the state of Oregon, then the executor or administrator of such deceased person shall have the right to maintain such action for their respective benefits and in the order above named."

The employers' liability act was proposed by initiative petition and was approved by a majority of the votes cast thereon at the general election of November

8, 1910. The workmen's compensation act did not become a law until it was referred to the voters of this state and approved by them at a special election in November, 1913. Were it not for the existence of the latter law, the plaintiff herein, it may be assumed, could maintain the present action under the employers' liability law, inasmuch as there are no preferred beneficiaries to take precedence over her.

The immediate question before us is this: Does the workmen's compensation law, either expressly or by necessary implication, preclude the plaintiff from maintaining this action? We are of the opinion that it does, if not expressly, at least by implication.

Under the provisions of the workmen's compensation law, all employers engaged in hazardous occupations as in that act specified are subject to the requirements of the act unless they file with the commission a written notice of election not to be subject thereto: § 102-1712, O. C. L. A. All the workmen of an employer subject to the act are likewise subject to it: § 102-1728, O. C. L. A.

Every employer subject to the act is required to pay into the state industrial accident fund each month a percentage of his payroll of the last preceding month, based upon the hazards of his business (§§ 102-1736 and 102-1738, O. C. L. A.), and is required to deduct and pay into the accident fund from the wages of each of his employees one cent for every day or part day the respective employee works. Out of the fund so created compensation is paid to workmen for their accidental occupational injuries, and, in the case of death therefrom, to their beneficiaries: § 102-1752, O. C. L. A. The amount of contribution to the fund made by the employer is not affected by the number of

dependents or the absence of dependents of his employees.

In *Evanhoff v. State Industrial Accident Commission,* 78 Or. 503, 519, 154 P. 106, the court in discussing the constitutionality of the workmen's compensation act observed:

" . . . The state proposes to employers and employees an accident and life insurance scheme, and offers it to them in lieu of litigation. It does not compel them to become participants in it or to contribute to it, but if they voluntarily choose to do so, they waive any other remedy, because the statute provides as a part of the scheme that they must do so."

This court in *State ex rel. Griffin v. State Industrial Accident Commission,* 145 Or. 443, 449, 28 P. (2d) 237, quoted with approval from *Crandall v. North Dakota Workmen's Compensation Bureau,* 53 N. D. 636, 207 N. W. 551, which construed the workmen's compensation law of North Dakota, as follows:

"The purpose of that act, according to the express declaration contained therein, was to substitute the remedy therein provided, to the exclusion of all others, in providing compensation for workmen, who have sustained injuries in the course of an employment subject to the act, in all cases where the employer has complied with the law. In such case the employer is relieved from all personal liability, and the injured employee has no legal claim against him, but is entitled to be compensated according to the terms of the workmen's compensation act, and not otherwise."

See also, in this connection, the following cases, both construing the Oregon workmen's compensation law: *Grant Smith-Porter Ship Co. v. Rhode,* 257 U. S.

469, 66 L. Ed. 321, 42 S. Ct. 157, 25 A. L. R. 1008; and *Matheny v. Edwards Ice Machine & Supply Co.*, 39 F. (2d) 70.

■ When a workman has become subject to the act he can not recover from his employer for injuries sustained by him, unless the facts give rise to one of the exceptions specified in the act: *Lull v. Hansen-Hammond Co.*, 126 Or. 450, 270 P. 402; *Jenkins v. Carman Manufacturing Company*, 79 Or. 448, 155 P. 703. The exceptions which permit action to be brought by an employee or his beneficiaries against his employer are these: (1) If an employer engages in one of the hazardous occupations enumerated in § 102-1725, O. C. L. A., without first giving notice to the accident commission of his intention to engage in such business, he "shall not be entitled to" the protection of the act: § 102-1722, O. C. L. A. (2) An employer who is in default in payment of his contribution to the accident fund "shall be liable to the injured workman, or to those claiming under him": § 102-1742, O. C. L. A. (3) Action may be brought against an employer whose deliberate intention causes injury or death of a workman: § 102-1753, O. C. L. A. The plaintiff does not contend that the facts in this case bring it within any of the exceptions described.

Under § 102-1752, O. C. L. A., from which we have hereinabove quoted, provision is made for the payment of compensation out of the industrial accident fund to the injured workman or, in case of his death, to his beneficiaries. And "the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death, except as" above noted. The plaintiff concedes, as we understand from her brief and the oral argument of her

counsel, that if she were a beneficiary as defined by the act, she would have no right to bring this action, and that her remedy would be limited to compensation payable to her as a dependent of the deceased workman. As a dependent she would be entitled to compensation during her lifetime or dependency "equal to fifty per cent of the average monthly support actually received" by her from her son during the twelve months next preceding the occurrence of the accident, but not exceeding forty dollars per month: § 102-1755, O. C. L. A.

The plaintiff takes the position that no one is precluded from maintaining an action for damages against an employer who has complied with all the provisions of the workmen's compensation law except the injured workman or, in case of his death, his beneficiaries specified in the act. She construes the provision, "the right to receive such sum or sums shall be in lieu of all claims" against the employer, as applying only to the claims of the injured workman and the named beneficiaries. This, we think, is too narrow a construction. The act does not say that the right to receive compensation from the fund shall be in lieu of all the claims of those entitled to compensation, but "in lieu of all claims".

Were the plaintiff's theory to be adopted, the most incongruous results would follow. Take the instant case: The defendant might find itself faced with a judgment for a large amount of money in favor of the plaintiff, due to the fact that she was not a dependent of the deceased workman; whereas, if she were a dependent, her only claim would be against the accident fund, for compensation. Under the plaintiff's theory, no employer would be immune from per-

sonal liability in the event one or more of his workmen should die from injuries suffered in the course of employment, unless those who might otherwise bring an action against the employer were included among the beneficiaries named in the workmen's compensation act.

We are unable to get much assistance from the decisions of courts of other states construing various workmen's compensation laws, for the reason that our law differs materially from those of most of the other states. The decision in *Atchison v. May*, (La.) 5 So. (2d) 182 (affirmed, 201 La. 1003, 10 So. (2d) 785), does throw some light upon the question before us for determination. In that case the brother and sister of a deceased workman brought an action against his employer, wherein they alleged that the decedent left no dependents and that the plaintiffs as his next of kin were, under article 2315 of the Civil Code of Louisiana, "entitled to damages for the pain and suffering endured by the deceased before his death, for the mental anguish, shock and loss of companionship suffered by plaintiffs, and for a balance due for funeral expenses." The compensation act of that state provided in part as follows:

"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury."

In denying that the plaintiffs had any right of action, the court stated:

"It is true that in the case before us the employee left no dependents, but we can not presume

that because of that fact the legislature intended to give a separate action for the injury which would give rights to nondependents. It seems clear to us that the purpose of the statute is to protect the employee and such dependents as he might have to the exclusion of all other rights, and that in case of death the extent of relief granted is in proportion to the number of dependents; and leaving no dependents, there is no compensation due or other rights to be asserted."

The court further held that "under the facts set forth in the petition the rights and remedies in the case at bar are exclusively under the compensation statute."

The purpose in adopting the Oregon compensation law was to protect the employer as well as the employee and his beneficiaries, and to avoid the expense and delay incident to litigation: § 102-1701, O. C. L. A.: *Evanhoff v. State Industrial Accident Commission,* supra; *Matheny v. Edwards Ice Machine & Supply Co.,* supra. In our opinion, an employer who is subject to the provisions of the workmen's compensation act and has fully complied with them is not personally liable to a workman who is injured in the course of his employment or, in case of his death, to the beneficiaries named in that act, or to the beneficiaries mentioned in the employers' liability act, or to any one else. The rights and remedies provided by the workmen's compensation act are exclusive.

It therefore follows that the plaintiff has no right of action against the defendant, and the circuit court did not err in entering judgment on the pleadings in favor of the defendant. The judgment appealed from is affirmed.