LEONCIO DE JESÚS, Plaintiff and Appellant, *v.* PEDRO OSORIO ET AL., Defendants and Appellees.

No. 9158.   Argued December 26, 1945.—Decided February 6, 1946.

602

*Gerardo J. Walker* for appellant. *Víctor J. Vidal González* and *Adolfo García Veve*, respectively, for appellees.

Mr. Justice Córdova delivered the opinion of the court.

From a judgment for defendant in an action by a father to recover damages for the death of his son, under sixteen years of age, in consequence of the negligence of the employer in a labor accident, the plaintiff appeals.

There is no controversy as to the facts. The father did not depend for his support upon his son, who was employed by the defendant employer in violation of the laws regulating the employment of minors. At the time the accident occurred the defendant employer was insured with the State Insurance Fund.

The district court held that the fact that the minor was employed in violation of the law did not exclude him from the benefits of the Workmen's Accident Compensation Act; that the remedies granted by said Act are exclusive; and that therefore the action for damages, based on § 1802 of the Civil Code, did not lie.

Two errors are assigned by the appellant: the finding by the lower court that the minor was a workman subject to the provisions of the Workmen's Accident Compensation Act, and its holding that the remedies granted by that Act precluded the father of the minor from bringing the action herein.

In *Montaner v. Industrial Commission*, 54 P.R.R. 64, it was held that a child of 14 years of age, employed without the permit from the Department of Labor required by Act No. 75 of 1921, was a workman entitled to compensation under the protection of the Workmen's Accident Compensation Act, and it was said:

"If children of a permissible age of employment are injured they should be protected by the terms of the Workmen's Compensation Act, for they are just as much 'workmen' under the Act as adult labor. No distinction is made in the statute. The result of the omission of the employer should not be suffered by the child. Until the legislature expresses its intention to exclude illegally employed minors from the protection of the Compensation Law, they should not be denied such protection."

Subsequently, the Legislature clearly expressed its intention to include illegally employed minors among the workmen protected by the Workmen's Accident Compensation Act, when it amended, in 1942, § 3 of said Act, by inserting the following (Act No. 52, Sess. Laws, p. 502):

"Right of Minors.—In the case of workmen under eighteen (18) years of age, employed in violation of the laws in force on the date of the employment, who suffer injuries or contract occupational diseases, in accordance with the terms of this act, the compensation belonging to them in case of disability, or to their beneficiaries in case of death, shall be double the amount belonging to a workman eighteen (18) years of age legally employed; *Provided,* That the employer shall pay the additional compensation hereby prescribed."

After the adoption of the above-quoted amendment there can be no doubt as to the legislative intent. *Heirs of Lledó v. Industrial Commission, ante* p. 404.

The lower court therefore did not err in deciding that the death of appellant's son was compensable under the Workmen's Accident Compensation Act.

■■ The right to compensation established by that Act is exclusive. *Onna* v. *The Texas Co.,* 64 P.R.R. 497. The law definitely so provides in its § 20, which we copy below:

"Exclusiveness of Remedy Provided by This Act—Section 20.— When an employer insures his workmen or employees in accordance with this Act, the right herein established to obtain compensation shall be the only remedy against the employer; but in case of accident to, or disease or death of, the workmen or employees not entitled to compensation under this Act, the liability of the employer is, and shall continue to be, the same as if this Act did not exist."

Nevertheless, the appellant insists that it could not have been the intention of the lawmaker to take away the right of action belonging to a father whose son dies in a labor accident caused by the negligence of the employer and who, not depending for support upon his son, is only entitled to reimbursement of the funeral expenses incurred by him, under the Workmen's Accident Compensation Act (§ 5).

We can not agree with the appellant. The purposes sought by workmen's compensation acts, such as ours, comprise not only the enlargement of the rights of the workman, but also the limitation of the employer's liability. While on the one hand the employer, or his insurer, is compelled to pay compensation without reference to any fault or negligence on his part, and the defense of contributory negligence or negligence of a fellow servant and other defenses are eliminated, on the other hand, the amount of the compensation is limited and in case of death, compensation is allowed only to those who were dependent for support on the workman. It is therefore perfectly consistent with those purposes to eliminate, as our statute expressly did, all remedies against the employer based on a labor accident, except those expressly provided by the statute. If the result is, as in the case at bar, that certain persons are deprived of the right to compensation, in case of death, which they had before the approval of the act, we can not say that that result was not within the intention of the lawmaker, particularly in view of the fact that persons not dependent on the deceased workman are the only ones deprived of such right.

In *Bigby* v. *Pelican Bay Lumber Co.*, 173 Ore. 682, 147 P. (2d) 199, *Atchison* v. *May*, 201 La. 1003, 10 So. (2d) 785, and *Treat* v. *Los Angeles Gas & Electric Corporation*, 82 Cal. App. 610, 256 Pac. 447, cited by the lower court in its extensive and well-reasoned opinion, it was held, construing workmen's compensation acts similar to ours, that in establishing the exclusiveness of the remedy provided by said acts, the Legis-

lature had intended to totally deprive the persons who are not dependent on the deceased workman of their right to compensation.

The lower court therefore did not err in holding that the appellant had no right of action to recover the alleged damages, nor in rendering judgment for the defendant on that ground.

The judgment appealed from should be affirmed.