## McKENNA v. EVANS–JONES COAL CO., Inc.
### No. A–6065.

United States District Court. D. Alaska.
Third Division. Anchorage.
June 15, 1950.

E. P. McCarron, of Fairbanks, and Bailey E. Bell, of Anchorage, for plaintiff.

John E. Manders, Anchorage, for defendant.

DIMOND, District Judge.

The plaintiff alleging that she is the daughter and sole heir of George Roganovich, deceased, and that she is the duly appointed, qualified and acting administratrix of the estate of the decedent, has brought this action against the defendant under the Alaska wrongful death statute, 61-7-3, A.C.L.A.1949, the local version of Lord Campbell's Act, wherein recovery is limited to $15,000. The complaint, of

course, contains the averment that the negligence of the defendant was the proximate cause of decedent's death.

No recovery can be had under the Alaska Workmen's Compensation Act, hereinafter referred to as the Act, for the reason that the decedent left no beneficiary within the meaning of the Act. Plaintiff herself is not such a beneficiary.

The Act, Section 43-3-10, A.C.L.A.1949, provides: "The right to compensation for an injury and the remedy therefor granted by this Act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for by this Act, shall accrue to employees entitled to compensation under this Act while it is in effect; nor shall any right or remedy, except those provided for by this Act accrue to the personal or legal representative, dependents, beneficiaries under this Act, or next of kin of such employee; * * *."

In Vol. 71 C.J. at page 1509, we find the following: "A statute providing that the employer shall, * * * be liable only for the compensation prescribed will not, according to some cases, deprive dependents entitled to maintain an action for the wrongful death of the employee of their right of action therefor, where they do not come within the class of dependents to whom the statute awards compensation. Some acts, however, * * * prevent the bringing of an action for the benefit of certain next of kin of a deceased employee, who were prior to the act entitled to the benefit of such action even though they are not entitled to compensation under the act."

The cases cited in support of that part of the text of Corpus Juris above quoted indicating that in some jurisdictions other than those provided for in Workmen's Compensation Acts may maintain actions for wrongful death are, so far as observed, all from the courts of Canada. No decision from

a court of any of the States was found supporting this position.

The following hold that recovery can be had only under the Workmen's Compensation Act when the injury sustained is one covered by the Act, and that no cause of action exists for an heir not included among the beneficiaries listed in the Act. Shanahan v. Monarch Engineering Co., 1916, 219 N.Y. 469, 114 N.E. 795; Bigby v. Pelican Bay Lumber Co., 1944, 173 Or. 682, 147 P.2d 199; Chamberlain v. Florida Power Corp., 1940, 144 Fla. 719, 198 So. 486; Gregutis v. Waclark Wire Works, 1914, 86 N.J.L. 610, 92 A. 354.

Although the statutes of the various states differ to a considerable degree, it is believed that the reasoning of each of the above cited cases can be applied in interpreting the Alaska law. In Shanahan v. Monarch Engineering Co., supra, the court has this to say: "Under this legislation both classes, employer and employe, gained benefits and made concessions. The liability of the employer is no longer bounded and limited by the rules of negligence, but is imposed upon him when he is without fault as well as when he is guilty of negligence. The employe and his dependents receive compensation which may be smaller than would have been the amount of a judgment in a negligence action, but on the other hand they are compensated for injuries resulting from risks heretofore assumed by them, the belief is summary, the practice simple, and they are not hampered or defeated by rules of negligence law or by technical defenses and procedure. It is not to be assumed that the Legislature intended to provide rights and remedies for some of the dependent relatives and to leave the old form of remedy in force as to the others. A new system was substituted in its entirety for an outgrown and objectionable one." [219 N.Y. 469, 114 N.E. 798]

Accordingly, the motion is sustained and an order may be made dismissing the action.