Chief Judge Desmond (dissenting).
The complaint, sounding in both negligence and breach of warranty, alleges that while plaintiff was a patient in a hospital in 1944 there was injected into his nasal sinuses a substance manufactured by defendant but that it was not until 1957 that plaintiff learned that this substance was radioactive and carcinogenous and had caused a cancerous condition in his nose. This suit was commenced in 1959. It has been dismissed below as to negligence because not brought within three years after the injection (Civ. Prac. Act, § 49, subd. 6) and as to breach of warranty because not instituted until more than six years thereafter (Civ. Prac. Act, § 48, subd. 1).
As the complaint stands, the limitation periods have run since the pleading says no more than that plaintiff did not learn of the dangerous qualities of the preparation until 1958,14 years after the injection. From his brief and his oral argument, however, it seems that his theory of action is that the carcinogenic qualities of the injection were not discoverable by him until after the 1957 surgical operation. If that be the fact, it would be unreasonable and perhaps unconstitutional to hold that his time to sue expired before it was possible for him to learn of the wrong (see Urie v. Thompson, 337 U. S. 163; Fernandi v. Strully, 35 N. J. 434; *220 Ricciuti v. Voltarc Tubes, 277 F. 2d 809; Handler v. Remington Arms Co., 144 Conn. 316; 63 Harv. L. Rev. 1177, 1207). Statutes (including limitation laws) are not to be construed so as to deny the right to sue for a common-law wrong (Rexford v. Knight, 11 N. Y. 308, 313; People v. Turner, 117 N. Y. 227; Gilbert v. Ackerman, 159 N. Y. 118, 124; Shanahan v. Monarch Eng. Co., 219 N. Y. 469; Borgia v. City of New York, 12 N Y 2d 151). Schmidt v. Merchants Desp. Transp. Co. (270 N. Y. 287), if and to the extent that it is inconsistent with these views, should be re-examined.
The judgment should be affirmed, without costs, with leave to plaintiff, if so advised, to serve an amended complaint.
Judges Dye, Van Voorhis, Foster and Scilepfi concur with Judge Burke; Chief Judge Desmond dissents in an opinion in which Judge Fuld concurs.
Judgment affirmed.