SPLITDORF ELECTRICAL COMPANY, PROSECUTOR, v. ANNA KING ET AL., RESPONDENTS.

Submitted July 5, 1917—Decided September 17, 1917.

1. An illegitimate child of the daughter of an injured workman is not a dependent of the daughter's father as defined in the Workmen's Compensation act of this state.
2. The illegitimate child of a deceased workman's daughter is not a grandchild of such workman within the meaning of the statute.

On *certiorari* to review an order of the Court of Common Pleas of the county of Essex awarding compensation under the Workmen's Compensation act.

Before Justices SWAYZE, BERGEN and BLACK.

For the prosecutor, *Kalisch & Kalisch.*

For the respondents, *William P. Murphy.*

The opinion of the court was delivered by

BERGEN, J. The petition for compensation in this case was filed by a daughter of a deceased workman on behalf of herself and her illegitimate child. The trial court properly decided that the daughter, because of her age, was not a dependent, but held that her illegitimate child was a grandchild within the statutory definition, and therefore entitled to com-

pensation, and judgment was thereupon entered according to such finding, to review which a writ of. *certiorari* was allowed. The proofs in the case show that the daughter was not living with her father when her child was born, but that after that event she took the child to the place where her father was living; that an additional room was leased; that the father paid her $8.50 a week for room rent and board, taking only one meal a day except Sundays, and that out of this the daughter paid the rent, $5.50, using the balance for food; that the father occasionally gave her extra money, and that at the time of his death her sister boarded with her, paying $4 a week. This is the only proof of assumption by the father of any responsibility for the support of the illegitimate child of his daughter, and it is not sufficient to raise a presumption that he was treating such child as a dependent even if that be sufficient under our statute, which we think it would not be. The right to this class of compensation is the creature of the statute and cannot be extended by judicial construction in opposition to the words of the act. By the amendment of the act (*Pamph. L.* 1913, *p.* 302) the term "dependents" is made to apply to and include a designated class of persons, among them being "grandchildren, posthumous children (and) illegitimate children," the latter to be presumed to be dependent when they are a part of the decedent's household. There is nothing in the statute making the illegitimate children of an injured workman's child his dependents unless they fall within the class denominated grandchildren within the meaning of the statute. The court below held that such a child was a grandchild.

We are of opinion that this was erroneous, for at common law a bastard was *nullius filius,* and if not a child of anyone could not be a grandchild. Our statute permitting inheritance between a mother and her illegitimate child does not establish any relationship between such child and the parents of its mother, nor can such child inherit from the mother's ancestors, for, except as changed by the statute, the common law prevails.

The Workmen's Compensation act imposes new and exten-

sive obligations upon the employer of workmen in favor of the latter's dependents and expressly defines who are to be included as dependents, among them being the illegitimate children of the workman residing in his family, to whom he owes the duty of maintenance, and to impose a further obligation on the employer, not provided for by the statute, would be legislation and not judicial construction.

In the absence of anything to the contrary we must conclude that when the legislature made use of the descriptive term "grandchildren," it used it in its ordinary sense and as applicable only to persons who stood legally in that relation to the decedent workman, and not as intending to alter the common law rule by making one who could not stand in such relation a grandchild. The legislature had in mind the question of illegitimacy, for it provided for the illegitimate children of the decedent, but went no further, and we are now asked to supply what it omitted by construing the law to include among grandchildren those who have no such legal status.

If the legislature had intended that the bastard children of a decedent workman's children were his dependents, it could readily have said so, and having omitted to include such persons among the class of dependents entitled to the benefit of the act, the court cannot supply the omission by what would clearly be the exercise of a legislative function.

The judgment will be reversed and a new trial awarded.