31271.  WALLACE *v.* AMERICAN MUTUAL LIABILITY
INSURANCE CO.

DECIDED JUNE 6, 1946.

870

*Gilbert E. Johnson,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

SUTTON, P. J. (After stating the foregoing facts.) The plaintiff in error contends that a finding was demanded as a matter of law that he was partially dependent upon his father at the time of the latter's death, and that the finding and award of the board are without evidence to support them. Except where the workmen's compensation act specifically creates a presumption of dependency in favor of named classes, the question of dependency is one of fact rather than of law. In the present case, the claimant being more than 18 years of age, there was no original legal presumption of dependency. *United States Fidelity & Guaranty Co.* v. *Washington,* 37 *Ga. App.* 140 (139 S. E. 359). Also, see *Maryland Casualty Company* v. *Campbell,* 34 *Ga. App.* 311 (129 S. E. 447), and Code, § 114-414.

It was said in *Glens Falls Indemnity Company* v. *Jordan,* 56 *Ga. App.* 449, 452 (193 S. E. 96), quoting from 1 Honnold on Workmen's Compensation, 224: "While ordinarily no exact standard for the determination of dependency is prescribed by statute, and it is difficult, if not impossible, to formulate such a standard, it may be said in general terms that a 'dependent' is one who looks to another for support, one dependent on another for the ordinary necessities of life, for a person of his class and position; and that, to be entitled to compensation as a dependent, one need not deprive himself of the ordinary necessities of life to which he has been accustomed. . . It follows that dependency does not depend on whether the alleged dependents could support themselves without decedent's earnings, or so reduce their expenses that they would be supported independent of his earnings, but on whether they were in fact supported in whole or in part by such earnings, under circumstances indicating an intent on the part of the deceased to furnish such support."

In the present case, it appears from the evidence that the mother of the claimant, a few months before her death deeded him property worth about $2600, and that the claimant's father received $25 a month income from this property, which he turned over to the claimant in addition to the $20 a week turned over to him from his salary. It also appears from the evidence that the claimant voluntarily assumed the obligations of his father for the last illness and funeral expenses of his mother, and that he used the money contributed by his father, along with his other income, to

pay his monthly obligations. There is nothing in the record, however, to demand a finding that the claimant, who was 38 years of age, was in fact dependent, in whole or in part, upon his father for the ordinary necessities of life, for a person of his class and position, under circumstances indicating an intent on the part of the deceased to furnish such support; but, on the contrary, the claimant testified that his "father told my wife and me that he had no particular purpose for his money; that he was living with us, and it was his main purpose to try and get me straight, help me on toward the practice of law and get me established in the legal field, that was his statement to me."

Under the evidence in this case, the board was authorized to find that the claimant was not dependent, within the provisions of the Code, § 114-414, upon his father, in whole or in part, at the time of the latter's death. In these circumstances, the award of the board, being supported by evidence and not being otherwise illegal, is conclusive and binding upon this court. (*Georgia Power & Light Co.* v. *Patterson,* 46 *Ga. App.* 7, 8, 166 S. E. 255, and citations); and the superior court did not err in affirming the award of the State Board of Workmen's Compensation.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs specially.*

Felton, J., concurring specially. I concur in the judgment because as a matter of law the claimant was not dependent on the deceased employee under the Code, § 114-414, which provides: "The dependency of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of eighteen years of age." The claimant was not physically or mentally incapacitated from earning a livelihood.