Argued May 6, reversed and remanded July 9, 1970.

CARLSTON, *Appellant, v.* GREENSTEIN,
*Defendant,* NUDELMAN, *Respondent.*

471 P2d 806

*Berkeley Lent,* Portland, argued the cause for appellant. On the brief were Lent, York, Paulson & Bullock, Edwin A. York and Dennis W. Skarstad.

*Thomas Cavanaugh,* Portland, argued the cause for respondent. On the brief were Schouboe & Cavanaugh.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Denecke, Holman,* Tongue, and Howell, Justices.

McALLISTER, J.

This is a damage action for injuries sustained by plaintiff while working on the premises of his employer Greenstein unloading a truck belonging to the defendant Nudelman. The trial court dismissed the action as to Nudelman and plaintiff appeals.

Plaintiff was employed by defendant Greenstein, a dealer in scrap metal, who had rejected coverage under the Workmen's Compensation Act. On September 4, 1965, Nudelman delivered a load of scrap metal to Greenstein's loading dock and Greenstein ordered plaintiff to unload Nudelman's truck. Plaintiff, while unloading the truck, was injured when he slipped on some oil on the truck bed.

Plaintiff sued both his employer, Greenstein, and Nudelman, alleging in his complaint that both were negligent in various particulars. Nudelman, pursuant

---

* Holman, J., did not participate in this decision.

to ORS 656.324 (3) [now ORS 656.595 (3)],① filed a supplemental answer alleging that he was an employer subject to the Workmen's Compensation Act, that at the time of the injury plaintiff and his employer were engaged with Nudelman in a common enterprise on premises over which Greenstein and Nudelman had joint supervision and control, and that the action could not, therefore, be maintained against Nudelman. The trial court held that this defense shielded Nudelman, and dismissed the action as to him.

We reverse and hold that the defense provided by ORS 656.154 is available only when both plaintiff's employer and the third party are subject to the Workmen's Compensation Act.

Simply stated, the reason for our decision is that plaintiff was not subject to those portions of the act which limited an employee's common law actions for negligence. His employer had rejected coverage under the Act. Plaintiff's remedies for negligent injury were therefore not limited by the provisions of a compensation scheme to which he was not a party.

When we turn to the language of the statutes involved in this case, we think the only reasonable interpretation compels the same conclusion. ORS 656.154 (1), the source of the defense which Nudelman asserts, provided:

> "If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman * * * may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury

---

① This case arose before the 1965 revision of the Workmen's Compensation Act, and the statutes in effect at that time govern our decision.

was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.002 to 656.590."

The words "the injury to a workman" must be read in light of ORS 656.152 (1), which provided:

"Every workman subject to ORS 656.002 to 656.590 [The Workmen's Compensation Act] while employed by an employer subject to ORS 656.002 to 656.590 who, while so employed, sustains an accidental injury * * * arising out of and in the course of his employment and resulting in his disability, * * * are [sic] entitled to receive from the Industrial Accident Fund the sums specified in ORS 656.002 to 656.590. * * *"

Employers "subject to ORS 656.002 to 656.590" can only mean those who had elected coverage under the act. The words "injury" and "workman" in ORS 656.154 (1) should be read, similarly, to mean an injury to a workman of a covered employer.

That this is the correct understanding of the statute can hardly be questioned when it is noted that ORS 656.154 (1) provides that the injured workman "may elect to seek a remedy against such third person." If the section applied to workmen whose employers had rejected coverage under the act this language would be meaningless. Such a workman would not be entitled to benefits from the Industrial Accident Fund; for him there could be no "election."

In *Blaine v. Ross Lbr. Co., Inc.*, 224 Or 227, 355 P2d 461 (1960) we considered a situation the reverse of that involved in this case. The plaintiff's employer was covered under the act, but the third party claiming the immunity was not. We said in that case:

"* * * [W]e think it is clear that ORS 656.154

is a bar only if the plaintiff's employer and the third party have both elected to accept the benefits of the act and pay contributions into the Industrial Accident Fund. * * *" 224 Or at 237.

Our opinion remains unchanged under the present facts.

Nudelman argued that an employer who had elected the coverage of the act should be entitled to assert the third-party defense provided by ORS 656.154 (1) regardless of the coverage of the injured workman's own employer because this would further the policy of encouraging employers to elect coverage. We recognized this policy in *Pruett v. Lininger et al*, 224 Or 614, 625, 356 P2d 547 (1960) where we said:

"* * * It is the legislative policy of this state to encourage employers to accept the coverage of the Compensation Act by making that act the exclusive remedy for industrial accidents suffered by workmen of the covered employer as well as by the workmen of *other covered employers* engaged in the furtherance of a common operation, where the workmen of both employers are jointly involved in the work out of which the accident arises. * * *" (Emphasis added.)

The reference to "other covered employers" was not necessary to the decision in that case and does not control our decision here. Nevertheless, we think it was a correct description of the effect of the act. If Nudelman's interpretation of ORS 656.154 (1) were adopted, it would leave without remedy a workman whose employer had rejected coverage under the act if the employee's injury was caused solely by the negligence of a covered third-party employer (if the "joint supervision" specified by the statute can be shown). We find nothing in the act to indicate that the legis-

lature intended to encourage employers to accept the compensation scheme by taking away an injured workman's common law remedy for negligence and giving him nothing in its place.

Because we hold that Nudelman is not entitled to assert the defense provided by ORS 656.154, it is not necessary for us to decide the other questions raised by this appeal, which involve the application of that statute to the facts in this case. The decision of the trial court is reversed and the case remanded for further proceedings not inconsistent with this opinion.