Submitted on records and briefs October 20, reversed
and remanded November 5, 1970

## GUGGISBERG, *Appellant, v.* CROXTON, *Respondent.*

476 P2d 182

C. S. Emmons, Emmons, Kyle & Kropp, Albany, filed a brief for appellant.

John S. Horton, Weatherford, Thompson, Horton & Jordan, Albany, filed a brief for respondent.

McALLISTER, J.

This is a damage action for injuries sustained

by plaintiff while working for Gilbert-Eaton Logging Co. in loading logs on a truck owned by Robert E. Croxton, an independent log hauler, and operated by a driver employed by Croxton. Plaintiff alleged that he was injured through the negligence of the truck driver.

This is a typical joint supervision and control case[1] with the important difference that both employers were not subject to the Workmen's Compensation Act. The log hauler was subject to the act, but the logging contractor had rejected the act. The trial court held that plaintiff could not maintain this action because the defendant Croxton was shielded by ORS 656.154. Plaintiff appeals.[2]

This case is controlled by *Carlston v. Greenstein,* 256 Or 145, 471 P2d 806 (1970), in which we held that the defense provided by ORS 656.154 is available only when both plaintiff's employer and the third party are subject to the Workmen's Compensation Act.[3]

The reasons for our holding are set out in *Carlston v. Greenstein* and it is not necessary to re-

---

[1] The trial court found joint supervision and control of the premises by both employers and that finding is not challenged by either party.

[2] ORS 656.154 (1):

"If the injury to a workman is due to the negligence or wrong of a third person not in the same employ, the injured workman, or if death results from the injury, his widow, children or other dependents, as the case may be, may elect to seek a remedy against such third person. However, no action shall be brought against any such third person if he or his workman causing the injury was, at the time of the injury, on premises over which he had joint supervision and control with the employer of the injured workman and was an employer subject to ORS 656.001 to 656.794."

[3] This case, like Carlston v. Greenstein is governed by the Workmen's Compensation Act before the 1965 revision.

peat them here.④ The decision of the trial court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

---

④ In addition to the authorities cited in Carlston v. Greenstein we add McKay v. Pacific Building Materials, 156 Or 578, 590, 68 P2d 127 (1937).