Argued February 5, affirmed June 16, 1971

# LEECH, *Appellant, v.* GEORGIA-PACIFIC CORPORATION, *Respondent.*

485 P2d 1195

In Banc

John C. Warden, Judge.

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Wilson & Atchison and John J. Haugh.

*Jack L. Mattison,* Eugene, argued the cause for respondent. With him on the brief was John E. Jaqua.

McALLISTER, J.

Plaintiff appeals from a judgment for defendant, entered after the trial court sustained a demurrer to plaintiff's complaint on the ground that it failed to state a cause of action.

According to the complaint, plaintiff Janice Leech has been since birth an incompetent person by reason of mental retardation. In 1966 her father, Willis Leech, was killed in an industrial accident while employed by defendant Georgia-Pacific Corporation. The complaint charges that Willis Leech's death was caused by defendant's negligence in several particulars and prays for damages. In addition to the allegations of the complaint, which were admitted by the demurrer, the parties have agreed that the facts set forth in our opinion in *Leech v. Georgia-Pacific Corp.*, 254 Or 351, 458 P2d 438, 460 P2d 359 (1969) are assumed to be true for purposes of this litigation. From that opinion we learn that Janice Leech, who was 28 years old at the time of her father's death, was totally dependent upon him for support, and that her father also left a widow, plaintiff's mother, surviving. Mrs. Leech applied for and was granted workmen's compensation benefits on account of Willis Leech's death, but we held that she was not entitled to an additional compensation allowance of $25 a month for a dependent child because Janice was over 18 at the time of her father's death.[①]

The questions before us in the present case are whether the compensation statutes bar plaintiff's negligence action and, if so, whether they are constitutional.

1. The first question is governed by ORS 656.018, which provides:

"(1) Every employer who satisfies the duty re-

---

[①] At the time of Willis Leech's death, ORS 656.204 and 656.002 made no provision for additional benefits on behalf of a child in Janice's situation. In 1969 ORS 656.002 (4) was amended to provide that an invalid dependent child—that is, one who is physically or mentally unable to earn a living—is to be considered to be a child under 18 years of age for the purpose of computing benefits. 1969 Oregon Laws, ch 125, § 1.

quired by subsection (1) of ORS 656.016 [to provide compensation coverage for subject workmen] is relieved of all other liability for compensable injuries to his subject workmen, the workmen's beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.

"(2) The rights given to a subject workman and his beneficiaries for compensable injuries under ORS 656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the workman's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the workman is expressly given the right under ORS 656.001 to 656.794 to bring suit against his employer for an injury."

Plaintiff contends that in spite of the explicit language of subsection (1), the statute should be construed to permit her to bring a negligence action for her father's death because no statutory death benefits were provided on her account. She argues that a dependent who receives no compensation benefits should not be barred from bringing a negligence action.

This court considered a similar question, under slightly different statutory language, in *Bigby v. Pelican Bay Lbr. Co.*, 173 Or 682, 147 P2d 199 (1944). In *Bigby* the non-dependent mother of a deceased workman brought an action under the Employers' Liability Act. Although the workman had been covered by workmen's compensation, and had received temporary benefits between the injury and his death, his mother claimed that because she was not a "beneficiary" as defined by the compensation statutes, and thus not entitled to death benefits on account of her son's death, she was not precluded from bringing a

negligence action. At that time OCLA § 102-1752 provided that a covered workman or his beneficiaries were entitled to receive compensation and that

> "* * * the right to receive such sum or sums shall be in lieu of all claims against his employer on account of such injury or death, except as hereinafter specifically provided. * * *""

The court held that the mother could not maintain a negligence action even though she was entitled to nothing under the compensation scheme:

> "The purpose in adopting the Oregon compensation law was to protect the employer as well as the employee and his beneficiaries, and to avoid the expense and delay incident to litigation. * * * In our opinion, an employer who is subject to the provisions of the workmen's compensation act and has fully complied with them is not personally liable to a workman who is injured in the course of his employment or, in case of his death, to the beneficiaries named in that act, or to the beneficiaries mentioned in the employers' liability act, or to any one else. The rights and remedies provided by the workmen's compensation act are exclusive." 173 Or at 692.

This holding was approved and relied on in *Ellis v. Fallert et al*, 209 Or 406, 411-414, 307 P2d 283 (1957).

2. The statute has been amended since the decisions in *Bigby* and *Ellis*. In *Bigby* we pointed out that it provided that compensation was in lieu of "all claims," not merely claims by named beneficiaries under the compensation act. Subsection (2) of ORS 656.018 now provides that the compensation benefits to the injured workman and his beneficiaries are "in lieu of any remedies they might otherwise have." Subsection (1), however, makes it clear that the legislature did not intend by this language to overrule the rationale

of the *Bigby* case; it provides for the employer's immunity from actions by workmen, their beneficiaries, "and anyone otherwise entitled to recover damages from the employer on account of such injuries, * * *." This provision indicates, even more clearly than those in force at the time of the *Bigby* decision, that the legislature intended the remedy provided by compensation to be exclusive and that complying employers are not to be subject to negligence actions by persons omitted from the compensation benefit schedules. The construction urged by plaintiff, on the other hand, involves the possibility of various incongruous results which have been aptly described by Pound, J., in *Shanahan v. Monarch Engineering Co.,* 219 NY 469, 114 NE 795, 798 (1916).

Plaintiff relies on language in *Reynolds et al v. Harbert et al,* 232 Or 586, 591, 375 P2d 245 (1962) to the effect that if there is no right to receive compensation, there is nothing upon which the "exclusive remedy" provisions of the statute can operate. That language must be read in the setting of the *Reynolds* case, in which it was held that the injured employee was not a "workman" within the compensation act.[2] The present situation is entirely different. There is no question but that defendant complied with its duties under the compensation laws, and that Willis Leech was a subject workman and his death was compensable. The *Reynolds* case is not in point, ORS 656.018 (1) as construed in *Bigby* is controlling.

Plaintiff next contends that the compensation

---

[2] See, also, Carlston v. Greenstein, 256 Or 145, 471 P2d 806 (1970) where we held that an injured employee's negligence action was not barred because his employer had rejected compensation coverage and the workman was "not a party" to the compensation scheme.

statutes, as we construe them, are unconstitutional. She argues that a statutory scheme which fails entirely to provide compensation benefits for a totally dependent child who happens to be over the age of 18 years at the time of her father's death, and at the same time deprives her of any other remedy, denies her the equal protection of the laws.[3] We interpret her argument to be that the line drawn by the legislature between dependent children under the age of 18 and those over 18, with the provision of the compensation remedy for the former and no remedy for the latter, does not have a rational basis.[4]

3. The legislature is not constitutionally required to enact laws which operate to solve perfectly every aspect of the problem to which they are directed. *Williamson v. Lee Optical of Okla. Inc.,* 348 US 483, 489, 75 S Ct 461, 99 L Ed 563 (1955). In *Plummer v.*

---

[3] Plaintiff's brief also contains an argument that to deprive her of an action under the Employers' Liability Law or the wrongful death statute is a taking without due process and a violation of Art I, § 10 of the Oregon Constitution which guarantees that

"* * * every man shall have remedy by due course of law for injury done him in his person, property, or reputation."
This contention was not pressed on oral argument, and we think it requires no comment here.

[4] Strictly speaking, children under 18 years of age have no compensation remedy for the death of a parent if there is a surviving spouse because they receive no benefits in their own right. Instead, the death benefits to the spouse are augmented on their account. At the time of Willis Leech's death, the statute provided for up to $25 a month for each child; at present the maximum for each child is $40. ORS 656.204 (2).

Regardless of her age, then, plaintiff could not have received compensation benefits directly, because her mother was still living. However, we have considered plaintiff's equal protection claim on the theory that children under 18 do have a remedy of a sort under the compensation laws because the total family death benefit is increased on their account.

*Donald M. Drake Co.*, 212 Or 430, 437, 320 P2d 245 (1958), in which the constitutionality of the employer's immunity under ORS 656.154 in "joint supervision and control" cases was challenged, we said:

"The controlling principles which guide the courts in determining questions of alleged unconstitutional discrimination or class legislation are the same whether it is the equal protection clause of the Fourteenth Amendment of the Constitution of the United States which is invoked, or the privileges and immunities provision in Art I, § 20 of the Oregon Constitution. Fundamentally, classification is a matter committed to the discretion of the legislature and the courts will not interfere with the legislative judgment unless it is palpably arbitrary. * * *"

4. In the present case, whether the omission of benefits on behalf of persons like Janice Leech was deliberate or merely the result of a flaw in draftsmanship, as plaintiff suggests, we cannot hold that it was "palpably arbitrary." It is apparent from an examination of the death benefit provisions of ORS 656.204 that the legislature made no attempt to provide compensation for all persons who might suffer actual pecuniary damage from the death of a workman or for all who would have had a cause of action under the Employers' Liability Act or the wrongful death statutes. Instead, primary provision was made for those who, as a class, are most likely to suffer financially from a workman's death—his surviving spouse and young children. If a spouse survives, he or she is the sole beneficiary. Although the monthly payments to the surviving spouse are increased if there are children under 18, the children collect no benefits in their own right so long as the spouse survives. These primary provisions apply regardless of need or actual

dependency and they operate to exclude other persons who might have been dependent on the deceased workman for support. Among those excluded are dependent adult children, like this plaintiff, and dependent parents.

At the same time, the employer is given complete immunity from negligence actions. This immunity may well be necessary, and is certainly a reasonable provision, in order to make the compensation scheme workable. Neither the benefit scheme nor the immunity provision is arbitrary merely because the legislature failed to make provisions for every possible contingency.

In *Dandridge v. Williams*, 397 US 471, 90 S Ct 1153, 25 L Ed 2d 491 (1970) the plaintiffs challenged a Maryland welfare department regulation which set an absolute maximum on the payments to any one family under the Aid to Families with Dependent Children program. The plaintiffs, members of large families, contended that this regulation infringed their equal protection rights because it resulted in lower per capita payments to large families than to small families, and discriminated against some needy children simply because they had more brothers and sisters than did other recipients of AFDC funds. The Supreme Court held that the regulation was valid; language from that opinion is appropriate here:

"In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' Lindsley v. Natural Car-

bonic Gas Co., 220 US 61, 78, 55 L Ed 369, 377, 31 S Ct 337. 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.' Metropolis Theatre Co. v. City of Chicago, 228 US 61, 69-70, 57 L Ed 730, 734, 33 S Ct 441. 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' McGowan v. Maryland, 366 US 420, 426, 6 L Ed 2d 393, 399, 81 S Ct 1101." 25 L Ed 2d at 501-502.

Faced with the task of allocating the available compensation funds, our legislature omitted from the death benefit schedule the other relatives of a deceased workman who is survived by a spouse or children under 18. We are not called upon to decide whether these omissions were wise; it is enough that they were not unreasonable and that they may have been justified by the need to make benefits available to the primary class of spouses and young children.

Although barred from bringing an action for her father's death, plaintiff is in the same position as all other persons who, having received no compensation benefits, are nevertheless without a right to bring a damage action outside the compensation scheme. Her equal protection claim must fail.

The judgment of the circuit court is affirmed.