### 46687. TURNER v. U. S. FIDELITY & GUARANTY COMPANY et al.

DEEN, Judge. Upon the death of an employee within the meaning of the Workmen's Compensation Act from work-related injury, where dependency is proved as a matter of fact, payments are to be made under *Code Ann.* § 114-413 (b) or (c) depending on whether the claimant is wholly or partially dependent on the employee's earnings for support *at the time of the injury.* If, however, the claimant falls within the class of persons dealt with in § 114-414 he is conclusively presumed dependent and entitled to full compensation in the manner set out therein. The two sections must be construed together, and the latter "makes persons in certain categories of relationship to the deceased employee on the date of the accident dependents as a matter of law, and makes their dependency terminate as a matter of law upon events specified in the section, namely, for a widow or widower, remarriage; for a child, the attainment of 18 years of age." *U. S. Fidel. &c. Co. v. Dunbar,* 112 Ga. App. 102, 109 (143 SE2d 663). See also *Zachery v. Royal Indem. Co.,* 80 Ga. App 659, 662 (56 SE2d 812), holding that while the fact of dependency is determined as of the time of accident, the fact of eligibility for compensation is determinable as of the date of hearing.

*Code* § 114-414 further provides: "The dependency of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of 18 years of age." In *Wallace v. American Mut. Liab. Ins. Co.,* 73 Ga. App. 869 (38 SE2d 624), the

court affirmed an award denying compensation to an adult son receiving funds from his father at the time of the latter's death. The majority opinion holds simply that the evidence did not demand a finding that the son was dependent on the father at that time; the special concurrence, quoting *Code* § 114-414, affirms for the additional reason that a child over 18 would only be entitled if physically or mentally incapacitated. In Basham v. Lowe, 176 Va. 485, 493 (11 SE2d 638, 131 ALR 761), under a Virginia statute similar to the one here involved, it was held: "But the last sentence of the section quoted above expressly provides that 'the dependence of a child, except a child physically or mentally incapacitated from earning a livelihood, shall terminate with the attainment of eighteen years of age . . .' The language is that 'dependence,' not 'compensation' shall terminate. That is to say, a daughter who has reached eighteen years of age is no longer deemed a dependent unless she be physically or mentally incapable of earning a living" and continuing to the effect that this language applies to one who reaches the age of 18 while she is receiving compensation.

Workmen's compensation is a creature of statute. The rights created therein not existing at common law are only such as are set forth in its provisions. *Bussey v. Bishop,* 169 Ga. 251 (150 SE 78, 67 ALR 287). Among other things it particularly provides that, as to children, dependency ceases at the age of eighteen unless the child is physically or mentally incapacitated from earning a livelihood. It also provides that these qualifications are to be determined as of the date of death. It follows that, although it may seem inequitable to a child to cut off compensation when the age limit is reached although that child is still not as a matter of fact self-sustaining, this is a question which addresses itself to the legislature and not to the courts.

The judge of the superior court properly affirmed an award allowing compensation to a minor child only until she reached the age of 18, without making provision for a

further hearing on dependency as a matter of fact when such age should be reached.

*Judgment affirmed. Bell, C. J., concurs. Pannell, J., concurs specially.*

ARGUED NOVEMBER 1, 1971—DECIDED JANUARY 14, 1972— REHEARING DENIED JANUARY 26, 1972—

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Gary B. Blasingame,* for appellees.

PANNELL, Judge, concurring specially. I do not concur with all that is said in the opinion but I do concur in the ruling that compensation payable under *Code Ann.* § 114-413 because of death of the employee and which is payable to a child under the age of 18 years presumed totally dependent under *Code* § 114-414 ceases when dependency as defined in this section terminates, that is, when the child reaches the age of 18 years and is not physcially or mentally incapacitated from earning a livelihood. The last sentence in *Code Ann.* § 114-413 makes this clear and explicit when it provides: "The compensation provided for in this section shall be payable only to dependents and only during dependency." The phrase "only during dependency" can refer to nothing else than the personal dependency of a wife and child as defined in *Code* § 114-414 as "[i]n all other cases, questions of dependency . . . shall be determined in accordance with the facts at the time of the accident."