LOUIS CERASI, PETITIONER-APPELLEE, v.
COOPERSON BROTHERS, INC., RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 2, 1973—Decided April 17, 1973.

Before Judges COLLESTER, LEONARD and HALPERN.

Mr. *Roland R. Formidoni* argued the cause for respondent-appellant (*Messrs. McLaughlin, Dawes, Abbots & Cooper*, attorneys).

Mr. *Joseph Asbell* argued the cause for petitioner- appellee (*Messrs. Joseph Asbell & Associates*, P. A.).

PER CURIAM. The Division of Workmen's Compensation determined that petitioner, an employee of appellant, suffered a compensable heart attack and made an award based on total permanent disability. Appellant contends the Division erred in that (a) petitioner failed to prove that his coronary disability arose out of and in the course of his employment; (b) petitioner was not totally and permanently disabled, and (c) the fees awarded to petitioner's medical expert were improper.

We have examined and considered the entire record, with respect to contentions (a) and (b) above, and have concluded that the determination by the Division was reasonably reached on sufficient credible evidence in the record. *Close v. Kordulak Bros.*, 44 *N. J.* 589, 599 (1965); *De Angelo v. Alsan Masons, Inc.*, 122 *N. J. Super.* 88 (App. Div. 1973).

Dr. Diligilio, petitioner's medical expert who was licensed to practice medicine and resided in Pennsylvania, was allowed a $200 witness fee, payable $150 by appellant and $50 by petitioner. Appellant argues that only doctors residing in New Jersey are entitled to witness fees under *N. J. S. A.* 34:15–64. We disagree. The suggested construction would be violative of the legislative intent and would tend to deprive a petitioner from obtaining needed nontreating experts who may reside out of the State. The statute limits fees payable to New Jersey resident medical witnesses, but places no similar limitations on nonresident medical witnesses. The reasonable inference is that if the judge of compensation finds a petitioner's nonresident medical wit-

ness's testimony necessary for the proper presentation of petitioner's case, respondent may be compelled to pay a portion thereof. To the extent that *Grogan v. Granger,* 16 *N. J. Misc.* 533 (Dept. Labor 1938), holds to the contrary, it is overruled.

The judgment below is affirmed essentially for the reasons expressed by the judge of compensation.