124 N.J. Super. 382 (1973)
307 A.2d 126
MARGARET CARR, PETITIONER-RESPONDENT,
v.
CAMPBELL SOUP COMPANY, RESPONDENT-APPELLANT. MARGARET CARR, PETITIONER-APPELLANT,
v.
CAMPBELL SOUP COMPANY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 19, 1973.
Decided June 25, 1973.
*383 Before Judges LORA, ALLCORN and HANDLER.
Messrs. Molotsky, Rabkin & Gross, attorneys for petitioner Margaret Carr (Mr. Donald Schwartz on the brief).
*384 Messrs. McLaughlin, Dawes, Abbotts & Cooper, attorneys for respondent Campbell Soup Company (Mr. Roland R. Formidoni on the brief).
PER CURIAM.
A review of the record satisfies us that there was ample credible evidence present in the whole record to warrant the findings and conclusions of the compensation judge. DeAngelo v. Alsan Masons, Inc., 122 N.J. Super. 88 (App. Div.), aff'd 62 N.J. 581 (1973). It was determined that decedent's death was work-connected, there being adequate evidence to establish that the stresses of work were a material precipitating cause of a coronary insufficiency which resulted in a fatal arhythmia and sudden death. Dwyer v. Ford Motor Co., 36 N.J. 487 (1962); also, Meines v. Hy Levine Associates, 58 N.J. 548 (1971); Aladits v. Simmons Co., 47 N.J. 115 (1966). Accordingly, the compensation judge allowed dependency benefits to decedent's wife and daughter. The judge, however, denied a similar award to decedent's dependent grandchild on the ground that he was illegitimate. This is the focal point of petitioner's appeal.
The denial of dependency benefits to the illegitimate grandchild of the decedent was premised on Splitdorf Electrical Co. v. King, 90 N.J.L. 421 (Sup. Ct. 1917), aff'd 92 N.J.L. 524 (E. & A. 1918). There the court construed the dependency provisions of the Workmen's Compensation Act, N.J.S.A. 34:15-13(f), which in pertinent part provides:
The term "dependents" shall apply to and include any or all of the following who are dependent upon the deceased at the time of accident or the occurrence of occupational disease, or at the time of death, namely: Husband, wife, parent, stepparents, grandparents, children, stepchildren, grandchildren, child in esse, posthumous child, illegitimate children, brothers, sisters, half brothers, half sisters, niece, nephew. Legally adopted children shall, in every particular, be considered as natural children. Dependency shall be conclusively presumed as to the decedent's widow and to the natural children under 18 years of age of a male or female decedent who were actually a *385 part of the decedent's household at the time of his death. Every provision of this article applying to one class shall be equally applicable to the other. * * *" [Emphasis added]
The court held that this statute excluded as eligible dependents illegitimate grandchildren, that is grandchildren who did not stand "legally in that relation to the decedent workman." 90 N.J.L. at 423. We conclude that the statute so construed is not constitutionally viable.
It is axiomatic that under the Fourteenth Amendment's Equal Protection Clause, a statutory classification must bear some rational relationship to a legitimate state purpose. Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1957); Williamson v. Lee Optical Co., 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). In assessing the reasonableness of state regulatory systems, classifications which affect or trench upon the personal rights of individuals are subject to exacting scrutiny. Harper v. Board of Education, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966). It is within the undoubted competence of the Legislature to determine the class of persons entitled to benefits as dependents under the Workmen's Compensation Act. But having determined that within such classification there shall be encompassed grandchildren of a workman, the exclusion therefrom of children whose parents are unwed can find no justification founded in any defensible state policy or interest. The denial to dependent illegitimate grandchildren of recovery rights otherwise confirmed in their legitimate counterparts, violates the Equal Protection Clause of the Fourteenth Amendment.
This conclusion we consider to be an inexorable extension of Weber v. Aetna Casualty & Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972), wherein the Supreme Court held that the denial of workmen's compensation benefits to the illegitimate children of a deceased workman, while awarding such benefits to his legitimate children, constituted "impermissible discrimination." In analogous areas *386 where significant legal rights were at stake, divisions between children as a class based solely on their legitimacy have been characterized as invidious. E.g., Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968); Glona v. American Guar. & L. Ins. Co., 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1968); Schmoll v. Creecy, 54 N.J. 194 (1969) (involving recovery for wrongful death); Gomez v. Perez, 409 U.S. 535, 93 S.Ct. 872, 35 L.Ed.2d 56 (1973) (involving parental duty of support); Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (involving parental right of custody). See generally, Annotation, "Discrimination on Basis of Illegitimacy as Denial of Constitutional Rights," 38 A.L.R. 3d 613 (1971). We entertain no doubt that, in terms of the purposes to be fulfilled by the workmen's compensation law, a statutory separation of grandchildren within a class predicated only upon the circumstance of the legitimacy of their birth is similarly tainted.
The succeeding issue is whether the statute must fall because of its constitutional deficiency. We are guided in the resolution of this question by the analysis in Schmoll v. Creecy, supra, wherein the court stated that "we think the sounder course is to consider what is involved and to decide from the sense of the situation whether the Legislature would want the statute to succumb." 54 N.J. at 202. What is involved is a search for legislative intent and purpose in the face of a subsequent unpredicted event, namely the judicial determination of the constitutional invalidity of the statute.
We are mindful that N.J.S.A. 34:15-13(f), as enacted in L. 1913, c. 174, purported to draw a distinction whereby legitimate and illegitimate children and legitimate grandchildren were included as dependents but illegitimate grandchildren were not. Splitdorf Electrical Co. v. King, supra. It is well to point out that the provisions of the Workmen's Compensation Act delineating persons as dependents *387 at first did not differentiate among children or grandchildren based upon the circumstance of their birth. L. 1911, c. 95. The Legislature in the amendment of L. 1913, c. 174, however, made a legitimacy distinction with respect to children. This was to assure affirmatively the inclusion of dependent illegitimate children within the class of beneficiaries. In that vein it also included a presumption of dependency with respect to illegitimate children living within the household of a decedent. This amendment did not by its literal language exclude illegitimate grandchildren from the scope of the dependency statute. These particular changes were not affected by the amendment of L. 1914, c. 244.
There followed, in sequence, Splitdorf Electrical Co. v. King, supra, in 1917 which, as noted, held that by implication the Legislature intended to exclude illegitimate grandchildren from the scope of the dependency provisions of the statute. Later, in 1919 the Legislature deleted the presumption of dependency as to illegitimate children but substituted therefor a conclusive presumption of dependency as to all natural children who were a part of the decedent's household. L. 1919, c. 93.
In the years which followed there were several amendments to this section of the Workmen's Compensation Act but none dealt directly or indirectly with the status of illegitimate grandchildren qua statutory dependents. This history, therefore, cannot be said to reflect on the part of the Legislature either an affirmative adoption of or a purposeful acquiescence in the judicial interpretation accorded the statute under Splitdorf. Certainly this history cannot be distilled into an expression of legislative thinking which would undercut the conclusion that it would be more compatible with the preeminent legislative purpose of the Workmen's Compensation Act to benefit all grandchildren, including those who are illegitimate rather than not benefit any.
*388 The court in Splitdorf did not confront or presage the particular issue of what would be the effect upon a construction of the statute and upon a search for legislative intent in the wake of a constitutional infirmity not anticipated when the law was originally enacted. Moreover, it can be recognized that the common law tenet, underscored by that court to support its decision, that an illegitimate child is nullius filius, does not have philosophical or societal currency in modern times. Since Splitdorf, its conceptual underpinning has been eroded and there has been an enlightened retreat from the ground on which it once stood. E.g., N.J.S.A. 3A:4-1; Levy v. Louisiana, supra; Schmoll v. Creecy, supra; Hammond v. Pennsylvania R.R. Co., 31 N.J. 244 (1959). We are of the opinion, therefore, that the Legislature was not so bent upon denying dependency benefits to illegitimate grandchildren that it would prefer the dependency provisions of the Workmen's Compensation Act to be void in their entirety and to fail in their primary aim of providing benefits to all grandchildren who were dependent upon a deceased workman. Accordingly, the determination below denying the award of such benefits to the illegitimate grandchild of decedent must be reversed.
A final point urged by respondent is that it was error for the compensation judge to award petitioner's doctor a witness fee of $100, each party to contribute $50 thereof, contrary to N.J.S.A. 34:15-64. Petitioner's medical expert was licensed to practice medicine and resided in Pennsylvania. We are of the opinion that this statute does not constitute a bar to the awarding of fees to a nonresident medical witness whose testimony is necessary for the proper presentation of petitioner's case, and that respondent may be compelled to pay a portion thereof. Cerasi v. Cooperson Brothers, Inc., 123 N.J. Super. 524 (App. Div. 1973).
The judgment below is reversed in part and remanded for the award of dependency benefits to the illegitimate grandchild of the decedent, and is otherwise affirmed.