ANTHONY PISCOPO, JR., PETITIONER-APPELLANT, v. LEMI
EXCAVATING COMPANY, RESPONDENT-RESPONDENT, v.
STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted November 18, 1986—Decided December 10, 1986.

150

Before Judges ANTELL, LONG and D'ANNUNZIO.

*Drazin and Warshaw,* attorneys for appellant (*Wendie L. Elovich* on the brief).

*Michals, Wahl, Silver & Leitner,* attorneys for respondent Lemi Excavating Company (*Sheldon Schiffman* on the brief).

*W. Cary Edwards,* Attorney General of New Jersey, attorney for respondent State of New Jersey (*Michael R. Clancy,*

Deputy Attorney General, of counsel and *Michael O'Brien,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by,

ANTELL, P.J.A.D.

In this Workers' Compensation action petitioner is the 29 year old son of the deceased employee who died as the result of a compensable accident. The judge of compensation found that petitioner was dependent on his father within the meaning of *N.J.S.A.* 34:15–13 but denied compensation benefits because the statute provides that in computing compensation for dependents, "except husband, wife, parents and stepparents, only those under 18 or over 40 years of age shall be included...." *N.J.S.A.* 34:15–13 i. On this appeal petitioner argues that the statute "violates the equal protection clause, is arbitrary and capricious, is unconstitutional and serves no legitimate governmental function."

In pursuing his argument, petitioner points to certain New Jersey cases extending the parental obligation to support through the child's college years, reasoning that had decedent lived he would have supported petitioner when he returned to college, thereby making him a dependent in fact. He urges that dependency should be determined on a case-by-case basis and not on the basis of "an arbitrary age limit."

Petitioner brings to our attention the fact that the workers' compensation statutes of other states recognize that dependency continues during years of higher education. However, the unfairness of terminating dependency before college must be cured by statute, and not by judicial construction. *See* 2 *Larson, Workmen's Compensation,* § 63.23(d) at 11–139 to 11–140 (1986). Thus, in New Jersey dependency for workers' compensation purposes is determined not by actual dependency but by qualification under the strict terms of the statute. *Stellmah v. Hunterdon Coop. G.L.F. Serv., Inc.,* 47 *N.J.* 163, 170 (1966). Despite the general policy favoring a liberal inter-

pretation of the Act, a court has no discretion to enlarge the class of eligible dependents beyond the limits fixed by statute. *Miles v. Theobald Industries,* 144 *N.J.Super.* 535, 537 (App. Div.1976), certif. den., 73 *N.J.* 51 (1977). Any resulting unfairness must be cured by the Legislature, not the courts. *See Bush v. Johns-Manville Products Corporation,* 154 *N.J.Super.* 188, 192 (App.Div.1977), certif. den., 75 *N.J.* 605 (1978) ("[W]e cannot, in the guise of a liberal interpretation, rewrite the compensation act. That is the sole province of the Legislature.").

Of course, the Legislature may not classify dependents capriciously. In order to withstand equal protection and due process objections, the scheme must bear a rational relationship to a legitimate state interest. *Carr v. Campbell Soup Co.,* 124 *N.J.Super.* 382, 385 (App.Div.1973). As the classification here challenged is based on age, the strict scrutiny standard of equal protection does not apply, age not being a suspect criterion. *Massachusetts Bd. of Retirement v. Murgia,* 427 *U.S.* 307, 312–313, 96 *S.Ct.* 2562, 2566–2567, 49 *L.Ed.*2d 520, 524 (1976); *Taxpayers Assn. of Weymouth Tp. v. Weymouth Tp.,* 80 *N.J.* 6, 38–40 (1976), app. dism. and *cert.* den., 430 *U.S.* 977, 97 *S.Ct.* 1672, 52 *L.Ed.*2d 373 (1977).

█ It was petitioner's burden to demonstrate a lack of rational basis for the choice of age 18 as marking the end of dependency. The fact that the classification is in some respect imperfect or results in some inequities in practice does not warrant its invalidation. *Weymouth Tp., supra,* 80 *N.J.* at 40. Any statutory cutoff age is necessarily arbitrary, inevitably excluding "some persons who might plausibly be admitted" and including "others who might plausibly have been excluded." *Ibid.* But the chosen cutoff "is a legislative judgment which ought not be disturbed by the judiciary unless it exceeds the bounds of reasonable choice." *Ibid.* Thus, in *Weymouth Tp., supra,* the court upheld a trailer park ordinance which required the heads of households or their spouses to be at least 52 years

old. The court found an adequate basis in the facts that the median age of first-time grandparents was 54 to 57, and that increasing numbers of Americans were retiring in their fifties, thereby experiencing a decline in net income. *Id.* at 41.

Our attention has not been directed to any case in which a court invalidated a workers' compensation statute terminating dependency at a fixed age. In two cases the court expressly upheld such a statute against an equal protection attack. In *Turner v. United States Fidelity & Guaranty Co.*, 125 *Ga. App.* 371, 187 *S.E.*2d 905 (1972), the court validated a Georgia workers' compensation statute which ended a child's dependency at age 18, except for children mentally or physically disabled. That a child might remain dependent in fact beyond that age, observed the court, did not warrant departure from the strict terms of the act, since workers' compensation "is a creature of statute" and not of common law. 187 *S.E.*2d at 907. The court concluded by saying:

It follows that, although it may seem inequitable to a child to cut off compensation when the age limit is reached although that child is still not as a matter of fact self sustaining, this is a question which addresses itself to the legislature and not to the courts. [*Ibid.*]

*Accord Basham v. R.H. Lowe, Inc.*, 176 *Va.* 485, 11 *S.E.*2d 638, 641–642 (1940).

In *Leech v. Georgia-Pacific Corporation*, 259 *Or.* 161, 485 *P.* 2d 1195 (1971), decedent's 28 year old daughter was mentally retarded and had been totally dependent on decedent. At the time of decedent's death, the Oregon Workers' Compensation Law terminated dependency at age 18 with no exception for claimant's incapacity. She attacked the law on equal protection grounds, arguing that "the line drawn by the legislature between dependent children under the age of 18 and those over 18" had no rational basis. 485 *P.*2d at 1198.

The court proceeded from the premise that the Legislature was not constitutionally required to solve perfectly every aspect of the problem it addressed; it need only have avoided distinctions which were "palpably arbitrary." *Ibid.* In providing

dependency benefits the Legislature made no attempt to compensate everyone who might suffer financial loss from a worker's death. *Ibid.* "Instead, primary provision was made for those who, as a class, are most likely to suffer financially from a workman's death—his surviving spouse and young children." *Ibid.* In choosing to benefit the "most likely" dependents, the court reasoned, the Legislature excluded others, such as adult children, who might be dependent in fact but who lacked the statutory qualifications. *Id.* at 1199. Whether such a choice was wise lay beyond judicial review; it was enough, concluded the court, that it had some rational basis. *Ibid.*

■ In our view the apparent assumption by our Legislature that adult children under the age of 40 are more likely than minor children and those over the age of 40 to be self-supporting is at least a rational reason for rejecting an equal protection attack. We observe further that, unlike the statute before the court in *Leech,* New Jersey's statute contains an exception allowing dependency benefits for disabled adult children, thereby reducing some instances of hardship. While New Jersey has not followed the lead of some states in extending dependency through a later age to allow for college education, this is a reform which may be achieved only by the Legislature.

■ Petitioner alternatively argues that in the event his constitutional arguments are rejected his claim "be relisted for hearing in the Superior Court to pursue a common law remedy against the employer under the common law negligence theory." He reasons that if he is denied dependency status under the workers' compensation statute, he would be left without a remedy and thus should be allowed recourse to a judicial forum. We observe, of course, that if petitioner's claim were presented in the Law Division it would be met by a statute which provides that in return for the guaranty of benefits under the workers' compensation system a worker surrenders his right to sue his employer in negligence; this surrender is binding, in cases of

death, on the worker's "personal representatives, surviving spouse and next of kin...." *N.J.S.A.* 34:15–8. Further:

> If an injury or death is compensable under this article, a person shall not be liable *to anyone* at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong. [*N.J.S.A.* 34:15–8; emphasis supplied].

Moreover, we have been shown no mechanism or authority for the transfer of this proceeding from a state administrative agency to a trial division of the Superior Court.

Affirmed.